**BRIGHTON MILLS, Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

No. 11860.

Circuit Court of Appeals, Fifth Circuit.

May 19, 1947.

John C. Reid, of Washington, D. C., for petitioner.

Irving I. Axelrod, Fred E. Youngman, and A. F. Prescott, Sp. Assts. to Atty.

792

Gen., Sewall Key, Acting Asst. Atty. Gen., J. P. Wenchel, Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

During the tax year 1935, the Brighton Mills, Inc., was manufacturing and selling cotton goods, and as a processor of its raw cotton was liable for a processing tax if the Agricultural Adjustment Act of 1933, 7 U.S.C.A. § 601 et seq., was constitutional. Books were kept on the accrual basis. During January the tax was paid. Thereafter, the constitutionality of the Act being in contest, the tax was not paid but was accrued monthly on the books. During 1935 also the Mills stamped on its customers' purchase orders and on its invoices of goods shipped this agreement: "If and when for any reason sellers' liability for processing taxes levied under the Agricultural Adjustment Act as heretofore and hereafter amended, is increased, decreased, or terminated, or such taxes shall be invalidated by final decision of the Supreme Court of the United States, prices on any uninvoiced portion of this contract are subject to adjustment at a rate computed on the basis of the conversion factors set up by the Treasury Decision 4433, approved May 10, 1934. In addition the seller will credit in the buyer's account the amount, computed on the basis of such conversion factor, of any such tax which, by reason of such invalidity, shall have been refunded to the seller, or seller shall have been relieved from paying, with respect to any portion of this contract as to which title has passed within 120 days prior to such determination of invalidity. The title shall be deemed to have passed when goods are invoiced. * * * In any settlement hereunder seller shall be entitled to deduct on a pro rata basis reasonable expenses of procuring any such refund or relief." No accrual of any liabilities under these agreements to any customer was entered on the books during 1935.

On January 6, 1936, the Supreme Court held the Act unconstitutional, and the corporation was relieved of paying the taxes accrued in 1935. During January and February, 1936, it paid various customers under the above stated agreements $84,865.65 on goods delivered in 1935. In closing the books for 1935, sometime in 1936, entries were made as of December 31, 1935, which showed this $84,865.65 as a liability for credits due to customers. $193,866.21 was the total of taxes accrued on the books for 1935. In the tax return for 1935 the year's income as shown included the full invoice prices, and the $84,865.65 was claimed as a deduction. The deduction was disallowed by the Commissioner. The Tax Court held the deduction could not be allowed because the liability under the agreements was contingent during the whole of 1935, and therefore did not accrue during that year. We are asked to review that decision, and to hold either that the liability did accrue, or that its settlement in 1936 was really a reduction of income by price adjustment on the sales made in 1935.

The payments were not price adjustments. The first sentence of the quoted agreement provides for price adjustments on *uninvoiced portions* of sales contracts if the tax be increased, decreased, terminated, or invalidated. That sentence is not applicable here, for all the goods here involved were duly invoiced at the contract prices, with no mention of the tax, and these invoices were accrued on the books and returned in the tax return as the income. The second sentence is the applicable one, beginning: "In addition, the seller will *credit on the buyer's account,* etc." This sentence applies only in case the tax is declared invalid, and only to invoices shipped within 120 days of the determination of invalidity, and the credit promised is subject to a deduction of a pro rata part of the expense of procuring the relief against the tax. It is a somewhat complicated assumption of a liability to give a credit on account; it is not a repricing of goods. It was not so regarded by taxpayer in making its book entries and in making its tax return. The liability for the $84,865.65 did not reduce the income for the year, but was a business liability or expense to be accrued only in the year in which it became certainly such.

As to each invoice this liability was contingent both as to its existence and its amount. Something would be due in respect of any invoice only if the tax should be declared invalid by the Supreme Court, and it could not be known that would happen till it did happen. Also any invoice would cause liability only if it should then be less than 120 days old. Every day that elapsed before a decision cut off liability on the invoices of the 120th day preceding. And a contingency as to amount lay in the uncertainty touching the expense of obtaining relief which could not be measured till the litigation was over and the relief secured; nor could it be pro-rated till it was known what invoices should share in the pro-ration. There could be no accrual of these liabilities theoretically or practically until the fact and date of invalidation became established, and this occurred in 1936 and not in 1935.

It is argued that the Mills owed a tax to the United States, or else owed equivalent sums to the customers, and these obligations were so interdependent as to constitute a certain accruable liability, the taxpayer being in effect a stakeholder for whichever should receive the money. This is not the fact. The taxes were due by law (if valid) for processing cotton, and this liability for 1935 was accrued on the books as $193,866.21. The liability to the customers turned out to be only $84,865.65. It was not commensurate with the tax, but dependent on the terms of the agreements. The two liabilities were not the same in nature or amount, though the contract liability could not arise till the tax liability was destroyed. There were, as pointed out above, other conditions to be met before the liability on any invoice would arise and become fixed in amount so as to become accruable.

The ultimate liabilities in 1936 under these contracts had indeed a close relation to the income realized on the sales in 1935, and would at one time have been considered proper deductions in 1935 in order to truly represent the income of that year under the authority of Revenue Act of 1934, § 43, 26 U.S.C.A. Int.Rev.Acts, page 679; but as the Tax Court held, the decision in Security Mills Co. v. Commission-

er, 321 U.S. 281, 64 S.Ct. 596, 88 L.Ed. 725, though differing in its facts, settles that this section does not authorize a taxpayer on the accrual basis to accrue as deductions liabilities like these which were contingent throughout the tax year.

The judgment of the Tax Court is therefore affirmed.